United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40168
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN MARTINEZ-CARRILLO,
also known as Carlos Alejandro Rivera-Perez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-930-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Martin Martinez-Carrillo appeals his guilty-plea conviction of and sentence for being found in the United States after previously being deported. Martinez-Carrillo argues that plain error occurred at sentencing when the Government did not verbally recommend that he be sentenced at the low end of the guideline range as required by the plea agreement and instead attempted to influence the court by repeating negative facts about Martinez-Carrillo to the court.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government's promise to so recommend was satisfied by the inclusion of the terms of the plea agreement in the presentence report. See United States v. Reeves, 255 F.3d 208, 210-11 (5th Cir. 2001). Martinez-Carrillo's argument that the Government breached the plea agreement by emphasizing his past involvement with firearms is also unavailing. The prosecutor's comments regarding Martinez-Carrillo's criminal history were in direct response to the court's question as to whether there was any redeeming information about Martinez-Carrillo that it had overlooked. Such efforts by the Government to provide relevant factual information to the court at sentencing do not violate a plea agreement. See United States v. Block, 660 F.2d 1086, 1091 (5th Cir. 1981). Our determination that no plain error occurred at sentencing is supported by the fact that the Government did not raise the issue of sentencing Martinez-Carrillo to the high end of the guideline range but, in fact, it was the court that raised the issue of a possible upwards departure from the guideline range. See United States v. Wilder, 15 F.3d 1292, 1301 (5th Cir. 1994). Martinez-Carrillo has not demonstrated plain error. See Reeves, 255 F.3d at 210.

Martinez-Carrillo also argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Martinez-Carrillo concedes, his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224

(1998).  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u>

<u>Apprendi</u>, 530 U.S. at 489-90; <u>see also</u> <u>United States v. Dabeit</u>,

231 F.3d 979, 984 (5th Cir. 2000).  The judgment of the district

court is AFFIRMED.